**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

—————————

No. 15-2988

—————————

ALGRIE JOHNSON,
                                        Appellant

v.

PHILADELPHIA POLICE DEPARTMENT;
CITY OF PHILADELPHIA

—————————

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(E.D. Pa. No. 2-14-cv-01036)
District Judge:  Honorable Mitchell S. Goldberg

—————————

Submitted under Third Circuit LAR 34.1(a)
on April 29, 2016

Before: MCKEE, Chief Judge, JORDAN and ROTH, <u>Circuit Judges</u>

(Filed: August 10, 2016)

—————————

OPINION[*]

—————————

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

ROTH, Circuit Judge

Algrie Johnson challenges the District Court's denial of his motion for relief from judgment and to amend his discrimination complaint against the City of Philadelphia. Since the District Court correctly found that such amendment would be futile, we will affirm the denial.

## I.

Johnson, proceeding as a *pro se* litigant, initially filed suit against the City of Philadelphia and the Philadelphia Police Department in February 2014, alleging that he was discriminated and retaliated against in connection with his application for a position with the Philadelphia Police. Upon the City's motion, the Police Department was dismissed with prejudice from the suit as an improper party, and the complaint, which consisted of a single paragraph, was dismissed for failure to state a claim. The District Court for the Eastern District of Pennsylvania gave Johnson thirty days to, if possible, amend his complaint to state a claim upon which relief could be granted. Johnson did not respond until more than 180 days later, when, now represented by counsel, he filed a motion pursuant to Federal Rule of Civil Procedure 60(b)(6) for relief from judgment, accompanied by an amended complaint.

The amended complaint contains four counts: Count I, discrimination based upon race pursuant to Title VII of the Civil Rights Act of 1964;[1] Count II, retaliation for prior Equal Employment Opportunity activity pursuant to Title VII; Count III, discrimination

---

[1] 42 U.S.C. § 2000e *et seq.*

in violation of the Pennsylvania Human Relations Act;[2] and Count IV, discrimination in violation of the Philadelphia Fair Practices Ordinance.[3] It alleges that Johnson is an African-American who passed "the examination" for a police officer position and had his name placed on a list of "possible eligible candidates." Two years later, Johnson was notified that he would not be offered a position. Johnson contends that he was told he was not hired because "he was late for work in 1993 (almost 20 years earlier), he was terminated from his prior job in 2000 (almost 14 years earlier), he had been arrested for disorderly conduct (he was found not guilty in 2002, about 10 years earlier), and his daughter's mother had a criminal background." Johnson contends that these reasons were pretextual to conceal discrimination because he knew of a non-African-American man who was allegedly hired despite his criminal record. He alleges he was retaliated against because he had previously filed suit against the City and the City kept a record of this lawsuit.

The District Court denied the Rule 60(b)(6) motion, holding that the amended complaint could not survive a Rule 12(b)(6) motion to dismiss.

## II.[4]

While Johnson may have filed his initial complaint *pro se* and, as such, was entitled to a more lenient pleading standard when this matter began,[5] Johnson was

---

[2] 43 Pa. Stat. § 951 *et seq.*
[3] Phila. Code § 9-1100 *et seq.*
[4] The District Court had jurisdiction over this matter pursuant to 28 U.S.C. § 1331. We have jurisdiction of this appeal pursuant to 28 U.S.C. § 1291. We review a District Court's denial of a motion for relief from judgment pursuant to Rule 60(b)(6) for abuse of discretion. *Cox v. Horn*, 757 F.3d 113, 118 (3d Cir. 2014).

represented by counsel in his Rule 60(b)(6) motion. The amended complaint, however, is nearly indistinguishable from Johnson's initial pleading in that it is almost completely devoid of factual allegations upon which a claim could be based. As to the discrimination counts, Johnson alleges only that he is African-American, that he was not hired for a position based on four reasons, and that he knows of one non-African-American who was hired despite having a criminal record. As to the retaliation counts, Johnson alleges only that he filed a "civil rights lawsuit" against the City in 2002 that settled out of court in 2004, of which the City retained a record.

These allegations fall woefully short of the standard required by the Supreme Court in *Ashcroft v. Iqbal*; indeed, as pleaded, they are little more than the "unadorned, the-defendant-unlawfully-harmed-me accusation" the Court rejected.[6] Johnson's argument before this Court is no better: his sole argument, made without reference to the legal requirements for Title VII actions, is that the amended complaint contains sufficient factual allegations to put the City on notice of the claims against it. Johnson makes no effort to show that the non-African-American he alleges was hired with a criminal record was a relevant comparator,[7] that his "civil rights" lawsuit was protected activity under Title VII,[8] or that there was any causal relationship between his filing of his lawsuit and the decision not to hire him a decade later.[9] This skeletal and inadequate attempt at

---

[5] *Holley v. Dep't of Veterans Affairs*, 165 F.3d 244, 247 (3d Cir. 1999).
[6] 556 U.S. 662, 678 (2009).
[7] *Pivirotto v. Innovative Sys., Inc.*, 191 F.3d 344, 359 (3d Cir. 1999).
[8] *Moore v. City of Phila.*, 461 F.3d 331, 340–41 (3d Cir. 2006).
[9] *Farrell v. Planters Lifesavers Co.*, 206 F.3d 271, 279 (3d Cir. 2000).

pleading is not enough to push Johnson's claims beyond the threshold of possibility to plausibility as required by *Ashcroft*.

Moreover, Johnson admits that the amended complaint did not include any additional information other than the information Johnson had previously supplied and the District Court found wanting. In light of this admission, Johnson gives us no reason to find that the District Court abused its discretion in denying his Rule 60(b)(6) motion based, as conceded, on the same facts as previously submitted.

We pause to note that Johnson's counsel's efforts in this matter fall short of the expectations of a member of the bar of this Court. Johnson's briefs offer no cogent legal analysis, citations to relevant judicial authority, or even a recognizable legal argument beyond a contention that the District Court erred. As such, since costs are to be assessed in this matter against the appellant, those costs should be borne by counsel, rather than by Johnson himself, in light of the woeful inadequacy of counsel's representation.

**III.**

For the foregoing reasons, we will affirm the judgment of the District Court.